272

*In re* R. MARLIN BAKER, Attorney, Respondent.

*Opinion filed October 1, 1973.*

EDWARD F. CASEY of CASEY & CASEY, of Springfield, for respondent.

JAMES D. KELLY, of Springfield, for *amicus curiae* Illinois State Bar Association.

MR. JUSTICE WARD delivered the opinion of the court:

Acting as commissioners of this court under our Rule 751 (50 Ill.2d R. 751) the Board of Governors of the Illinois State Bar Association has recommended that the respondent, R. Marlin Baker, who was admitted to the bar in 1941, be suspended from the practice of law for a period of two years and until further order of this court. Earlier the Inquiry Division of the Committee on Grievances of the Association, after finding the respondent guilty of conduct which tended to bring disrepute upon the legal profession and to undermine the administration of justice, recommended that the respondent be censured. In recommending the greater sanction the Board said it had considered not only the findings in this case but it had also considered that the respondent had been suspended

on September 27, 1967, from the practice of law for a period of one year.

The Hearing Division had found that the respondent in January 1964 was retained by one Walter Vincent and his wife to represent her in an action for damages under the Dram Shop Act and that he had accepted $26 from them for filing fees. It was found that the respondent had failed to file an action before the statute of limitations had run and had failed to inform the Vincents that he had not done so. There was a finding, too, that the respondent's conduct had constituted a conversion of the $26.

The respondent testified that the liability carrier for the tavern owner involved denied liability. He did not notify the clients of the insurance company's disclaimer of liability because, he said, he believed the Vincents had moved to Indiana and he was unable to locate them. Mrs. Vincent, however, testified that the respondent told her when she inquired that he had instituted suit against the tavern keeper. There was testimony, too, that on another occasion the respondent told Mrs. Vincent that he had filed suit and that this conversation had been overheard by Mrs. Vincent's sister-in-law.

It appears that the $26 given for filing fees had been deposited in the respondent's office account and remained there unused. The respondent testified that in 1967 he had offered to refund the money and that the Vincents had not requested its return. It is not clear from the record when the respondent was retained by the Vincents but on the basis of some evidence the statute of limitations would have run on the Vincents' claim in a matter of days after their retaining of the respondent.

The attorney's suspension in September 1967 had been based on his failure from 1957 to 1963 to file a client's income tax returns and on his conversion of the moneys given him by the client to satisfy the tax obligations.

274

Considering all of the circumstances we judge that the initial suggestion of censure made by the Hearing Division was more appropriate than the Board's recommendation of suspension. One circumstance requiring this conclusion is that the conduct of the respondent which was the ground for his suspension for one year in 1967 was more reprehensible than the 1964 conduct now complained of and for which the Board advises a two-year suspension. We consider it would be inappropriate to order the more serious sanction recommended by the Board.

For the reasons given, we enter an order of censure.

*Respondent censured.*